**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MARGARET BEYERS,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v. ) | **NO.** |
| ) | |
| **VILLAGE OF HAWTHORN WOODS D/B/A** ) | |
| **HAWTHORN WOODS AQUATIC CENTER,** ) | |
| A MUNICIPAL CORPORATION, ) | |
| ) | |
| **DEFENDANT.** ) | |

## NOTICE OF REMOVAL

NOW COMES the Defendant, Village of Hawthorn Woods, by its attorneys Peterson, Johnson & Murray – Chicago LLC, and represents to this court the following:

1. That there is pending in the Law Division of the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, an action involving the above parties, case No. 11 L 579, which was originally filed on July 5, 2011. (Exhibit 1 attached hereto)

2. That the Complaint contained only state law claims for personal injury stemming from a trip and fall incident. *Id*.

3. On July 31, 2012, Plaintiff was granted leave to file *instanter* her Second Amended Complaint, which contained, for the first time, a claim for Violation of the Americans with Disabilities Act (ADA). (See Exhibit 2, 7/31/12 Court Order and Exhibit 3, Plaintiff's Second Amended Complaint). No federal claims were previously raised by Plaintiff during this litigation.

4. That the action is a suit of civil nature.

5. That when state law creates a cause of action, original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of the state claim or that the claim is really one of federal law. *Grant County Sav. & Loan Assoc. v. Arkansas Custom Homes, Inc*., 689 F. Supp. 169 (E.D.Ark 1988).

6. Count II of Plaintiff's Second Amended Complaint is brought pursuant to 42 U.S.C. 12134 § 35.151 for an alleged violation of the ADA, over which this court has original jurisdiction. (*See* Exhibit 3, Count II).

7. Pursuant to 28 U.S.C. §1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." As Plaintiff's Second Amended Complaint now involves claims under 42 U.S.C. 12134 § 35.151, this court has original jurisdiction over said claims.

8. As stated Plaintiff filed her Second Amended Complaint on July 31, 2012 with leave of court. Thus, this notice is timely as it is within the thirty (30) day time period established pursuant to 28 U.S.C.S. §1446(b), which states, in pertinent part,

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.S. §1446(b).

9. That this notice will be tendered in a timely manner to the state court and all other parties who have appeared in this matter as provided by law.

10. That a true and correct copy of the notice will be filed with the Clerk of the Circuit Court for the 19th Judicial Circuit, Lake County, as provided by law.

WHEREFORE, the Defendant respectfully request that the above-entitled action pending in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois, Case No.: 11 L 579, be removed to this Honorable Court.

        Respectfully submitted,
        Village of Hawthorn Woods

        PETERSON, JOHNSON & MURRAY

        BY:   s/Dominick L. Lanzito
        One of the Attorneys for Defendant

Paul O'Grady, Esq.
Dominick L. Lanzito, Esq.
PETERSON, JOHNSON & MURRAY
233 S. Wacker Drive
Chicago, IL 60606
Telephone:    312/782-7150
pogrady@querrey.com