# Exhibit 1

CHRISTOPHER C. STARCK

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

FILED
JUL 08 2011

MARGARET BEYERS,                    )
                                    )
             Plaintiff,             )
                                    )
     vs.                            )   GENERAL No. 11 L 579
                                    )
VILLAGE OF HAWTHORN WOODS, d/b/a    )
HAWTHORN WOODS AQUATIC CENTER,      )
a municipal corporation,            )
                                    )
             Defendant.             )

## COMPLAINT AT LAW

Now comes the Plaintiff, MARGARET BEYERS, by her attorneys, JAMES J. DeSANTO, P.C., of DeSanto & Morgan, and MICHAEL R. JENSEN of Hall & Jensen, Ltd., who for her complaint against the Defendant, VILLAGE OF HAWTHORN WOODS d/b/a HAWTHORN WOODS AQUATIC CENTER, alleges as follows:

1.  The Defendant, VILLAGE OF HAWTHORN WOODS d/b/a HAWTHORN WOODS AQUATIC CENTER, is and at all relevant times was a duly organized municipal corporation located in Lake County, chartered and existing under the laws of the State of Illinois.

2.  The VILLAGE OF HAWTHORN WOODS owned, managed and controlled a fee generating aquatic center where members of the public, on a fee basis, could avail themselves of a swimming facility.

NOTICE BY LOCAL RULE 3.12
THIS CASE IS HEREBY SET FOR A STATUS
CONFERENCE IN COURTROOM 303 on 10-6-
20 11, AT 9:00 AM. FAILURE TO APPEAR MAY RESULT
IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT
BEING ENTERED.

3. The Plaintiff, MARGARET BEYERS, is a resident of HAWTHORN Woods, Lake County, Illinois.

4. On the 7th day of July, 2010, the Plaintiff, MARGARET BEYERS, was leaving the premises of the HAWTHORN WOODS AQUATIC CENTER located at 94 Midlothian Drive in HAWTHORN Woods, Illinois.

5. The aquatic center has two main entrances providing egress and ingress to and for the general public.

6. At what is believed to be the southern most entrance, there exists a double glass door. Leading to the double glass door from the outside is a concrete walkway and entranceway. The concrete walkway has sunk causing a depression of approximately two inches from the concrete entranceway.

7. There are and were no markings or warnings indicating the existence of the height change or depression from walkway to concrete apron leading to the double doors.

8. On the 7th day of July, 2010, the Plaintiff was exiting the aquatic center and held the door open for an elderly woman with a relatively large stature walking assisted with a cane into the aquatic center.

9. As the Plaintiff held the door open for her, the woman tripped on the depression and fell onto the Plaintiff knocking the Plaintiff to the ground and causing Plaintiff's injuries and damages as will be hereinafter alleged.

10. At all times, it was the duty of the Defendant, VILLAGE OF HAWTHORN WOODS d/b/a HAWTHORN WOODS AQUATIC CENTER, to provide a safe means of ingress and egress to the aquatic center.

2

11. The Defendant, VILLAGE OF HAWTHORN WOODS d/b/a HAWTHORN WOODS AQUATIC CENTER, individually and together, committed one or more of the following acts of omission or commission which individually or together constitutes a wilful and wanton or reckless disregard for the safety of persons entering its business and facility:

   a. failed to properly or adequately maintain and repair the entranceway, although it knew about the condition of the entranceway and the depression which existed thereon for a considerable length of time;

   b. failed to properly or adequately inspect the entranceway and perform adequate repairs;

   c. failed to warn foreseeable persons entering the premises of the condition of the premises by conspicuously noting the depression when it knew or should have known that the location of the depression at the entrance to the facility would distract persons from entering the building from noting the hazard;

   d. constructed a concrete walkway with insufficient base so that a depression was likely to occur causing a hazard and risk of injury to foreseeable users; and

   e. failed to make an adequate record of the occurrence of July 7, 2010, so that the identity of the person who stumbled and fell upon the Plaintiff was not determined.

12. As a direct and proximate result of the reckless indifference and wilful and wanton misconduct of the Defendant, VILLAGE OF HAWTHORN WOODS d/b/a HAWTHORN WOODS AQUATIC CENTER, the Plaintiff, MARGARET BEYERS, sustained the following damages and loss:

   a. She received a painful and debilitating injury to her shoulder, neck and back for which she has and will permanently experience significant pain and discomfort.

   b. She has been required to seek out and receive medical, surgical and therapeutic treatments and care at cost and expense for which she has become liable.

3

c. At the time of the occurrence she had a physically active life and lifestyle. As a result of the injuries received and the pain associated therewith, she will be permanently required to modify her activities of daily living and sustain a loss of enjoyment of life and life's activities.

WHEREFORE, the Plaintiff, MARGARET BEYERS, prays for judgment against the Defendant, VILLAGE OF HAWTHORN WOODS d/b/a HAWTHORN WOODS AQUATIC CENTER, in an amount of money in excess of the jurisdictional limitations of the Circuit Court of Lake County plus her costs of suit.

*James J. DeSanto*
Attorney for Plaintiff

JAMES J. DeSANTO, P.C. (00621072)
DeSanto & Morgan (357260)
712 Florsheim Drive
Libertyville, Illinois 60048
(847) 816-8100

MICHAEL R. JENSEN (06205764)
Hall & Jensen, Ltd. (2321)
33 N. County Street
Suite 500
Waukegan, Illinois 60085
847-336-2900

4

3. The Plaintiff, MARGARET BEYERS, is a resident of HAWTHORN Woods, Lake County, Illinois.

4. On the 7th day of July, 2010, the Plaintiff, MARGARET BEYERS, was leaving the premises of the HAWTHORN WOODS AQUATIC CENTER located at 94 Midlothian Drive in HAWTHORN Woods, Illinois.

5. The aquatic center has two main entrances providing egress and ingress to and for the general public.

6. At what is believed to be the southern most entrance, there exists a double glass door. Leading to the double glass door from the outside is a concrete walkway and entranceway. The concrete walkway has sunk causing a depression of approximately two inches from the concrete entranceway.

7. There are and were no markings or warnings indicating the existence of the height change or depression from walkway to concrete apron leading to the double doors.

8. On the 7th day of July, 2010, the Plaintiff was exiting the aquatic center and held the door open for an elderly woman with a relatively large stature walking assisted with a cane into the aquatic center.

9. As the Plaintiff held the door open for her, the woman tripped on the depression and fell onto the Plaintiff knocking the Plaintiff to the ground and causing Plaintiff's injuries and damages as will be hereinafter alleged.

10. At all times, it was the duty of the Defendant, VILLAGE OF HAWTHORN WOODS d/b/a HAWTHORN WOODS AQUATIC CENTER, to provide a safe means of ingress and egress to the aquatic center.

2

11. The Defendant, VILLAGE OF HAWTHORN WOODS d/b/a HAWTHORN WOODS AQUATIC CENTER, individually and together, committed one or more of the following acts of omission or commission which individually or together constitutes a wilful and wanton or reckless disregard for the safety of persons entering its business and facility:

    a. failed to properly or adequately maintain and repair the entranceway, although it knew about the condition of the entranceway and the depression which existed thereon for a considerable length of time;

    b. failed to properly or adequately inspect the entranceway and perform adequate repairs;

    c. failed to warn foreseeable persons entering the premises of the condition of the premises by conspicuously noting the depression when it knew or should have known that the location of the depression at the entrance to the facility would distract persons from entering the building from noting the hazard;

    d. constructed a concrete walkway with insufficient base so that a depression was likely to occur causing a hazard and risk of injury to foreseeable users; and

    e. failed to make an adequate record of the occurrence of July 7, 2010, so that the identity of the person who stumbled and fell upon the Plaintiff was not determined.

12. As a direct and proximate result of the reckless indifference and wilful and wanton misconduct of the Defendant, VILLAGE OF HAWTHORN WOODS d/b/a HAWTHORN WOODS AQUATIC CENTER, the Plaintiff, MARGARET BEYERS, sustained the following damages and loss:

    a. She received a painful and debilitating injury to her shoulder, neck and back for which she has and will permanently experience significant pain and discomfort.

    b. She has been required to seek out and receive medical, surgical and therapeutic treatments and care at cost and expense for which she has become liable.

3

07/18/2011 16:08 8474381459 VILLAGE HW PAGE 06/06
Sent By: HALL & JENSEN; 8473362907; Jul-7-11 2:58PM; Page 5/6

c. At the time of the occurrence she had a physically active life and lifestyle. As a result of the injuries received and the pain associated therewith, she will be permanently required to modify her activities of daily living and sustain a loss of enjoyment of life and life's activities.

WHEREFORE, the Plaintiff, MARGARET BEYERS, prays for judgment against the Defendant, VILLAGE OF HAWTHORN WOODS d/b/a HAWTHORN WOODS AQUATIC CENTER, in an amount of money in excess of the jurisdictional limitations of the Circuit Court of Lake County plus her costs of suit.

*James J. DeSanto*
James J. DeSanto
Attorney for Plaintiff

JAMES J. DeSANTO, P.C. (00621072)
DeSanto & Morgan (357260)
712 Florsheim Drive
Libertyville, Illinois 60048
(847) 816-8100

MICHAEL R. JENSEN (06205764)
Hall & Jensen, Ltd. (2321)
33 N. County Street
Suite 500
Waukegan, Illinois 60085
847-336-2900

4