IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARET BEYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | GENERAL NO. 1:12-CV-06401 |
| ) | |
| VILLAGE OF HAWTHORN WOODS, d/b/a ) | |
| HAWTHORN WOODS AQUATIC CENTER, ) | |
| a municipal corporation, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO REMAND**

NOW COMES the Plaintiff, MARGARET BEYERS, by her attorneys, JAMES J. DeSANTO, P.C. and DIANA C. TAYLOR, of DeSanto & Morgan, and MICHAEL R. JENSEN of Hall & Jensen, Ltd., who, pursuant to 28 U.S.C. § 1447, prays this Honorable Court enter an order remanding the above-captioned matter to the Circuit Court of the Nineteenth Judicial Circuit in Lake County, Illinois, and in support thereof states as follows:

**I.       Introduction**

This case has been removed to the United States District Court for the Northern District of Illinois (hereinafter "federal court") from the Nineteenth Judicial Circuit (hereinafter "state court") after the Plaintiff amended her complaint to add a count for violation of the standard of care as set forth by the Americans with Disabilities Act. While a federal statute is implicated, it need not be interpreted to be applied to the Plaintiff's cause of action. As such, there is no federal question through which the federal court could assert subject matter jurisdiction over the Plaintiff's claims and this matter should be remanded.

1

## II. Statement of Facts

### A. Background Facts

On July 7, 2010, Margaret Beyers was visiting the Hawthorn Woods Aquatic Center with her granddaughter and her granddaughter's friend. At one point during their trip, Beyers went to retrieve money from her vehicle in the parking lot. As she exited the building, she noticed an obese lady walking with a cane entering, and Beyers cordially held the door open for her. As Beyers held the door open from the outside with her left hand, approximately four feet from the doorway the unknown woman tripped over a depression in the sidewalk. The lady fell into Beyers and, as a result, Beyers sustained a severe shoulder injury. The woman's identity remains unknown.

### B. Procedural Facts

On July 5, 2011, the Plaintiff filed her Complaint in the above-captioned matter state court. In her Complaint, Margaret Beyers alleged reckless/willful and wanton misconduct on behalf of the Defendant, Village of Hawthorn Woods d/b/a Hawthorn Woods Aquatic Center in its maintenance of the sidewalk at its Aquatic Center property.

The state court granted the Plaintiff leave to file her Second Amended Complaint on July 31, 2012. A copy of this complaint has been attached hereto and made a part hereof as Exhibit "A." In this complaint, Beyers adds a count for violation of the Americans with Disabilities Act (hereinafter "ADA"). Under this count, Beyers alleges that the ADA requires a change in surface level of ingresses/egresses be no greater than one-half inch without warning or a ramp and such was not provided at the Aquatic Center, creating liability. In addition, Beyers adds a claim for negligent spoliation of evidence on the basis that the Aquatic Center did not investigate

or otherwise determine the unknown woman's identity. After this amendment was granted by the state court, the Defendant sought to remove.

**III.    Argument**

Pursuant to 28 U.S.C. § 1447(c), a plaintiff may move to remand back to state court at any time on the basis of lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) (2012). The existence of subject matter jurisdiction is of the utmost importance in all federal matters as federal courts are of limited jurisdiction. In this case, the only possible basis for subject matter jurisdiction is § 1331, "arising under" federal law. 28 U.S.C. § 1331 (2012). A case "arises under" for § 1331 purposes "if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690, 126 S.Ct. 2121 (2006) (quoting Franchise Tax Bd. Of Cal. V. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-28, 103 S.Ct. 2841 (1983)). Neither circumstance exists here.

The Plaintiff's well-pled complaint does not plead a cause of action created by federal law nor does resolution depend on a substantial question of federal law because the Plaintiff's claims sound in state law. When federal law prescribes the duties owed by one party to another, a state's incorporation of federal standards to enforce its own torts laws simply does not implicate important enough federal interests to warrant resolution by a federal court. See Grable & Sons Metal Products, Inc. v. darue Engineering & Mfg., 545 U.S. 308, 318-19, 125 S.Ct. 2363 (2005); Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 817, 106 S. Ct. 3229 (1986). In other words, "alleging a violation of a federal statute as an element of a state cause of

action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under … .'" Merrell Dow, 478 U.S. 804 at 811-12.

In Merrell, the plaintiffs sought remedies under common law negligence, breach of warranty, strict liability, fraud, gross negligence, and misbranding under the Federal Food, Drug, and Cosmetic Act for injuries sustained ingesting the defendant's medication during pregnancy. Id. at 804. Significant to the Court's holding was that Congress did not intend a private federal remedy for violations of the Food, Drug, and Cosmetic Act. Id. at 811. The Court noted factors to consider in determining whether a federal cause lies included whether plaintiffs were part of a class for whose special benefit the statute was passed, legislative intent showing purpose to provide a private cause of action, federal cause of action would not further the underlying purposes of the legislation, and the cause of action is traditionally relegated to state law. Id. at 810-11. After finding Congress did not intend a private, federal cause of action in creating the Food, Drug, and Cosmetic Act, the Court found no "arising under" jurisdiction pursuant to § 1331.

Like Merrell, at its heart, Plaintiff's claim is sounded in tort law. In looking at the factors outlined in Merrell, it is clear that a federal action does not lie here. Margaret Beyers is not herself disabled, and therefore not of the special class of persons protected by the ADA. Further, while the ADA creates a private remedy for discrimination of persons with disabilities, no such federal action is created for violations of the standard of care prescribed by the ADA. Finally, tort law, and compensation for personal injuries, is traditionally within the purview of the state. The Plaintiff seeks to use the ADA to outline the duties a public entity owes in maintaining its ingress/egress areas. As in Merrell, "alleging a violation of a federal statute as an element of a

state cause of action … does not state a claim 'arising under' " § 1331.  See Id. at 817.

### IV. Conclusion

The similarities to Merrell warrant a finding that the Plaintiff's claim does not "arise under" federal law pursuant to § 1331.  Without a basis for subject matter jurisdiction, this court must remand the Plaintiff's causes of action.

                    Respectfully Submitted,

                    /s/ Diana C. Taylor
                    Diana C. Taylor
                    Attorney for Plaintiff

DIANA C. TAYLOR (4994471)
JAMES J. DeSANTO, P.C. (00621072)
DeSanto & Morgan (357260)
712 Florsheim Drive
Libertyville, Illinois 60048
(847) 816-8100

MICHAEL R. JENSEN (06205764)
Hall & Jensen, Ltd. (2321)
33 N. County Street, Suite 500
Waukegan, Illinois 60085
847-336-2900