IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARET BEYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) GENERAL NO. 1:12-CV-06401 |
| | ) |
| VILLAGE OF HAWTHORN WOODS, d/b/a | ) |
| HAWTHORN WOODS AQUATIC CENTER, | ) |
| a municipal corporation, | ) |
| | ) |
| Defendant. | ) |

**SECOND AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, MARGARET BEYERS, by her attorneys, JAMES J. DeSANTO, P.C., and DIANA C. TAYLOR of DeSanto & Morgan and MICHAEL R. JENSEN of Hall & Jensen, Ltd., who for her Second Amended Complaint against the Defendant, VILLAGE OF HAWTHORN WOODS d/b/a HAWTHORN WOODS AQUATIC CENTER, alleges as follows:

1. The Defendant, VILLAGE OF HAWTHORN WOODS d/b/a HAWTHORN WOODS AQUATIC CENTER, is and at all relevant times was a duly organized municipal corporation located in Lake County, chartered and existing under the laws of the State of Illinois.

2. The VILLAGE OF HAWTHORN WOODS owned, managed, and controlled a fee-generating aquatic center where members of the public, on a fee basis, could avail themselves of a swimming facility.

3. The Plaintiff, MARGARET BEYERS, is a resident of Hawthorn Woods, Lake County, Illinois.

4. On the 7th day of July, 2010, the Plaintiff, MARGARET BEYERS, was leaving the premises of the HAWTHORN WOODS AQUATIC CENTER located at 94 Midlothian Drive in Hawthorn Woods, Illinois.

5. The aquatic center has one entrance providing egress and ingress to and for the general public.

6. At the entrance, there exists a double glass door. Leading to the double glass door from the outside is a concrete walkway and concrete entranceway under roof. The concrete walkway has sunk causing a depression of approximately two inches from the concrete entranceway.

7. At all relevant times there were no markings or warnings indicating the existence of the height change or depression from walkway to concrete apron leading to the double doors.

8. On the 7th day of July, 2010, the Plaintiff was exiting the aquatic center and held the door open for a disabled woman using a cane for ambulatory difficulties to enter the aquatic center. The woman was morbidly obese and needed the assistance of a pedestal cane walking device. She walked with apparent difficulty and shuffling steps. She was accompanied by one or two women who were helping her.

9. As the Plaintiff held the door open for her, the woman tripped on the difference in concrete levels and fell onto the Plaintiff, knocking the Plaintiff to the ground, and causing Plaintiff's injuries and damages as will be hereinafter alleged.

10. After the incident, the Plaintiff got up and went back into the aquatic center

counter, at which point two ladies came running and asked, "Are you hurt?" The Plaintiff specifically pointed out the woman who had tripped and fallen on top of her, but neither employee recorded any information regarding the incident.

11. As a place of public accommodation the Defendant had an obligation to provide a safe means of ingress and egress to its building and be in compliance with all laws and regulations including the standards set forth in the Americans with Disabilities Act ("ADA), wherein changes of level at an ingress/egress location may not exceed one-half inch without warning.

12. The Defendant, VILLAGE OF HAWTHORN WOODS d/b/a HAWTHORN WOODS AQUATIC CENTER, committed one or more of the following acts of omission or commission which individually or together constitutes a willful and wanton or reckless disregard for the safety of persons entering its business facility and/or the ingress/egress standards set forth in the ADA:

   a. failed to properly or adequately maintain and repair the entranceway, although it knew about the condition of the entranceway and the depression, which exceeded one-half inch and existed thereon for a considerable length of time in violation of applicable standards;

   b. failed to properly or adequately inspect the entranceway and perform adequate repairs; to ensure compliance with all relevant laws, standards, and regulations;

   c. failed to warn foreseeable persons entering the premises of the condition of the premises by conspicuously noting the depression hazard when it knew or should have known that the location of the depression at the entrance to the facility would not be noticed by persons entering the building;

   d. constructed a concrete walkway with insufficient base so that a depression was likely to occur causing a hazard and risk of injury

          to foreseeable users;

e.    failed to make an adequate record of the occurrence of July 7, 2010, so that the identity of the person who tripped, stumbled and fell upon the Plaintiff was not determined;

f.    allowed for a change in ingress/egress surface level greater than one-half inch to exist without warning or ramp as required by the standards applicable to the Defendant by reason of the ADA Accessibility Guidelines; and

g.    was otherwise reckless and willful or wanton.

13.    As a direct and proximate result of the reckless indifference and willful and wanton misconduct, VILLAGE OF HAWTHORN WOODS d/b/a HAWTHORN WOODS AQUATIC CENTER, the Plaintiff, MARGARET BEYERS, sustained the following damages and loss:

a.    She received a painful and limiting injury to her shoulder, neck and back for which she has and will permanently experience significant pain and disability.

b.    She has been required to seek out and receive medical, surgical and therapeutic treatments and care at cost and expense for which she has become liable.

c.    At the time of the occurrence she had a physically active life and lifestyle. As a result of the injuries received and the pain associated therewith, she will be permanently required to modify her activities of daily living and sustain a loss of enjoyment of life and life's activities.

WHEREFORE, the Plaintiff, MARGARET BEYERS, prays for judgment against the Defendant, VILLAGE OF HAWTHORN WOODS, d/b/a HAWTHORN WOODS AQUATIC CENTER, in an amount of money in excess of the $50,000.00 jurisdictional limitations of the Circuit Court of Lake County plus her costs of suit.

Respectfully Submitted,

 /s/ James J. DeSanto
James J. DeSanto
Attorney for Plaintiff

DIANA C. TAYLOR (4994471)
JAMES J. DeSANTO, P.C. (00621072)
DeSanto & Morgan (357260)
712 Florsheim Drive
Libertyville, Illinois 60048
(847) 816-8100

MICHAEL R. JENSEN (06205764)
Hall & Jensen, Ltd. (2321)
33 N. County Street
Suite 500
Waukegan, Illinois 60085
847-336-2900