# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6401 | **DATE** | 10/29/2012 |
| **CASE TITLE** | Margaret Beyers vs. Village of Hawthorn Woods, The | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to remand [12] is granted. The instant action is hereby ordered remanded back to the Nineteenth Judicial Circuit Court, case number 11 L 579, forthwith. All pending dates before this Court are stricken. Civil case terminated.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

    This matter is before the court on Plaintiff Margaret Beyers' (Beyers) motion to remand. Beyers alleges that on July 7, 2012, as she was leaving the Hawthorn Woods Aquatic Center in the Village of Hawthorn Woods, Illinois (Village), an obese woman (Woman) with a cane was entering the building. Beyers contends that, to help the Woman, she held the door open for the Woman. Beyers claims that the concrete walkway leading up to the door into the building had sunken and that, due to the depression, the Woman tripped as she entered the building. Beyers claims that the Woman fell into Beyers, knocking Beyers to the ground and causing her to sustain injuries. Beyers brought an action in state court, and the Village subsequently removed the action to federal court. Beyers now moves to remand the action back to state court.

    In the notice of removal, the Village contends that this court has federal question subject matter jurisdiction based on the Village's belief that Beyers is bringing a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (Not. Rem. Par. 6-7). Beyers contends that she is not bringing a claim under the ADA in this action. It is Beyers, as the Plaintiff, not the Village, as the Defendant, who controls what claims will be pursued in this action. Beyers is master of her own complaint. However,

**STATEMENT**

there was justifiable confusion on the part of the Village in this instance, since Beyers' attorney inartfully labeled a count in her second amended complaint, filed in state court, as a "Violation of the Americans with Disabilities Act." (SA Compl. 4). To remove any ambiguity, this court provided Beyers with an opportunity to amend her complaint, and Beyers has removed that heading from her complaint.

The Village argues that even without the heading, Beyers is basing her claims on the ADA, and that therefore this court has subject matter jurisdiction. However, it is apparent from the substance of the claims brought by Beyers that she is not bringing a claim under the ADA. Beyers is pursuing a state law claim for negligence in this case. To prove her negligence claim, Beyers will need to show that the Village breached a duty owed to Beyers, and in order to do that, Beyers will need to show what standard of care is applicable to the facts in this case. *See, e.g., Blood v. VH-1 Music First*, 668 F.3d 543, 546 (7th Cir. 2012); *First Springfield Bank & Trust v. Galman*, 720 N.E.2d 1068, 1071 (Ill. 1999). The portions of the ADA and its regulations that Beyers references provide protections for disabled persons, such as the Woman in this case, to ensure that buildings are accessible to disabled persons. *See* 28 C.F.R. § 35.151 (providing that "[e]ach facility or part of a facility constructed by, on behalf of, or for the use of a public entity shall be designed and constructed in such manner that the facility or part of the facility is readily accessible to and usable by individuals with disabilities, if the construction was commenced after January 26, 1992"); *Tennessee v. Lane*, 541 U.S. 509, 532 (2004)(explaining that pursuant to 28 C.F.R. § 35.151 "[i]n the case of facilities built or altered after 1992, the regulations require compliance with specific architectural accessibility standards"); *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 4 (1st Cir. 2000)(stating that "Congress enacted the ADA 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities'")(quoting 42 U.S.C. § 12101(b)(1)); *Chambers v. Zesto Enterprises, Inc.*, 2009 WL 3200682, at *2 (N.D. Ga. 2009)(explaining that the ADA "is comprehensive legislation which addresses discrimination against disabled individuals," and that "Title II prohibits discrimination by public entities"); *see also Obert v. The Pyramid*, 2005 WL 1009567, at *5 (W.D. Tenn. 2005)(indicating that violations of the ADA and ADA regulations are separate legal issues, and explaining that compliance with ADA regulations "does not necessarily preclude recovery under the ADA").

**STATEMENT**

Defendant cites *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986), for the proposition that alleging a violation of a federal statute as an element of a state cause of action creates federal subject matter jurisdiction. However, Beyers merely references the ADA as an analogy of what she believes the standard of care should be for her negligence claim and such an analogy does not create federal jurisdiction. *See Parker*, 225 F.3d at 7 (indicating in an action brought by disabled individual that there is a distinction between a "negligence action premised on the violation of a duty owed by a landowner" and a claim alleging a violation of Title II of the ADA). The portions of the ADA referenced by Beyers do not offer protections to non-disabled persons relating to injuries sustained when a disabled person stumbles into them. 42 U.S.C. § 12134 (indicating that Attorney General should promulgate regulations); 28 C.F.R. § 35.151 (requiring facilities to be made "readily accessible to and usable by individuals with disabilities"). Beyers, as a non-disabled person, cannot pursue an ADA claim based on the portions of the ADA referenced by Beyers, and Beyers is not asserting that the Village violated the ADA. Instead, Beyers is merely referencing the ADA and ADA regulations with regard to a standard of care. Whether the ADA or its regulations are a proper source to look to in this case for guidance as to what the proper standard of care would be is not for this court to decide. The Village has not shown that this court has subject matter jurisdiction. Therefore, the motion to remand is granted.